IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 1 9 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| WALTER EUGENE MERIDETH JR., § <br> Petitioner, § <br> § <br> v. § <br> § <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:10-CV-389-Y |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Walter Eugene Merideth Jr., TDCJ-ID #01589350, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Jacksboro, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. PROCEDURAL HISTORY

Merideth is serving a 16-month term of imprisonment in a state jail facility for his 2008 state conviction for theft in Case No. CR08-0876 in the 43rd Judicial District Court of Parker County, Texas. (State Habeas R. at 29) In this petition, filed on June 1, 2010, Merideth seeks an additional 4 days' credit for the time he spent in pretrial detention, thereby "changing [his] out date from August 23rd 2010 to August 19th 2010." (Pet. at 7; Attach. to Pet. at 2) Merideth sought state habeas relief to no avail. (State Habeas R. at cover) Thaler has filed an answer, supported by a brief and documentary exhibits, to which Merideth filed a reply.

## D. RULE 5 STATEMENT

Thaler asserts Merideth has failed to exhaust his state remedies on the issue as required by 28 U.S.C. § 2254(b)(1). However, notwithstanding a petitioner's failure to exhaust his remedies available in state court, a federal court may deny a petition for writ of habeas corpus on the merits. § 2254(b)(2). Because Merideth is scheduled for release in four days, the court considers his claim.

## E. DISCUSSION

Merideth seeks 4 days' credit for the time he spent in pretrial detention in jail as awarded by the state trial court and reflected in the court's judgment of conviction and "Order Clarifying Jail Credit." (State habeas 21, 29) However, there is no absolute federal constitutional right to credit for time served prior to sentencing.[1] See Bayless v. Estelle, 583 F.2d 730, 732 (5th Cir. 1978);

---

[1] There is an exception if the denial of credit for presentence confinement effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence; however, Merideth's 16-month sentence plus the time for which he now claims credit is less than the maximum prescribed sentence for his offense. See Parker v. Estelle, 498 F.2d 625, 627 (5th Cir. 1974); Ex parte Harris, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997). See generally TEX. PENAL CODE ANN. §§ 12.35(a) & 31.03(e)(4)(D) (Vernon 2009 Supp.).

*Gremillion v. Henderson*, 425 F.2d 1293, 1293-94 (5th Cir. 1970). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Merideth's claim is not cognizable in federal habeas corpus review because he does not allege an attendant federal constitutional claim. *See Campos v. Johnson*, 958 F. Supp. 1180, 1188-89 (W.D. Tex. 1997).

## II. RECOMMENDATION

Because Merideth has failed to make a substantial showing of the denial of a federal constitutional right, the petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 9, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 9, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __19__, 2010.

---

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE